IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Dayvon Bryan Riley,** | **Case No. 4:20cv1148** |
| Petitioner, | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Mark Williams, Warden** | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

### Introduction

*Pro se* Petitioner Dayvon Bryan Riley, a federal inmate incarcerated at FCI Elkton, has filed an "Emergency Petition for Writ of *Habeas Corpus*" under 28 U.S.C. § 2241. (Doc. No. 1.) In his Petition, Petitioner seeks immediate release from federal custody on the basis the Bureau of Prisons ("BOP") is failing to provide him and other prisoners adequate protection from the COVID-19 virus. (*See id.* at 1-2.) Petitioner does not represent that he has exhausted his administrative remedies with the BOP in connection with his claim for release due to his health conditions. Rather, he acknowledges he has not exhausted his remedies with the BOP, contending that exhaustion would be futile. (*See id*. at 2.)

### Standard of Review and Discussion

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be dismissed without prejudice.

Before a prisoner may seek *habeas corpus* relief under § 2241, he must first exhaust his administrative remedies within the BOP. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017). Where "it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may *sua sponte* dismiss the petition without prejudice." *Id.*

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). In addition, exhaustion of available administrative procedures also ensures that the Court has an adequate record before it to review the agency action in question. *Woodford*, 548 U.S. at 89. *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).

This Court agrees with other courts in this district that have held it is necessary for federal prisoners to demonstrate they have exhausted their administrative remedies with the BOP before seeking *habeas corpus* relief under § 2241 due to COVID-19 circumstances, regardless of the

2

statutory basis for their claim. *See, e.g., Cottom v. Williams,* No. 4: 20 CV 574, 2020 WL 2933574 (N.D. Ohio June 3, 2020), citing among other cases *Bronson v. Carvaljal*, Case No. 4: 20-cv-914, 2020 WL 2104542 (N.D. Ohio May 1, 2020). As Judge Lioi reasoned in Bronson, the BOP has procedures in place and is in the best position in the first instance to determine which federal prisoners are suitable for release based on COVID 19 risk factors.

## Conclusion

Accordingly, in that the Petition on its face indicates Petitioner has not yet exhausted his remedies with the BOP and the Court does not find Riley's conclusory assertion of futility sufficient to excuse exhaustion in the COVID 19 context, his Petition is dismissed without prejudice to re-filing upon full exhaustion in accordance with 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
Date: July 7, 2020          U. S. DISTRICT JUDGE